UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA TRINCHERE,<br><br>            Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>            Defendant. | NO. EDCV 07-01213 SS<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Plaintiff Christina Trinchere ("Plaintiff") brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner" or the "Agency") denying her application for Supplemental Security Income ("SSI"). The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. This matter is before the Court on the parties' Joint Stipulation ("Jt. Stip.") filed on June 10, 2008. For the reasons stated below, the decision of the Commissioner is AFFIRMED.

**PROCEDURAL HISTORY**

Plaintiff filed an application for SSI benefits on January 5, 2005 (Administrative Record ("AR") 14, 27).[1] She alleged a disability onset date of January 5, 2005 due to bipolar disorder. (AR 14-16, 27).

The Agency denied Plaintiff's claim initially on April 12, 2005 and upon reconsideration on May 24, 2005. (AR 14, 42-52). On October 26, 2006, Administrative Law Judge ("ALJ") Mason D. Harrell, Jr., conducted a hearing to review Plaintiff's claim. (AR 14, 319). The ALJ denied benefits on December 4, 2006. (AR 11-23). Plaintiff sought review of the ALJ's decision before the Appeals Council. (AR 9). On August 4, 2007, the Appeals Council denied Plaintiff's request for review and the ALJ's decision became the final decision of the Commissioner. (AR 5). Plaintiff commenced the instant action on October 9, 2007.

**FACTUAL BACKGROUND**

Plaintiff was born on October 10, 1952 and was fifty-four years old at the time of the hearing. (AR 27, 322). She has a Bachelor of Arts degree in Psychology. (AR 322). Her relevant work includes employment as a vocational specialist, teaching assistant, health information services technician, student assistant, credit and collection agent,

---

[1] Plaintiff previously filed applications for SSI and disability insurance benefits on July 22, 2003 and February 11, 2004. (AR 65-68, 69-72). These applications were denied initially and upon reconsideration. (AR 24-26, 54-58, 61-64). Plaintiff did not further pursue these applications.

accounts receivable/receptionist, administrative assistant, customer service representative, and sales representative. (AR 154).

## A. Post-Hearing Evidence

On December 11, 2006, after the ALJ issued his decision, Plaintiff submitted a Work Capacity Evaluation [Mental] form to the Agency. (See AR 315-16). The form was completed by Dr. Dau Van Nguyen of the San Bernardino County Department of Behavioral Health ("SBC-DBH"). (See AR 315). The evaluation is a check-off form which indicates that Plaintiff has a slight limitation in her ability to ask simple questions or request assistance. (AR 315). The form also noted that Plaintiff has moderate limitations in her ability to remember locations and work-like procedures, understand and remember very short and simple instructions, carry out very short and simple instructions, sustain an ordinary routine without special supervision, make simple work-related decisions, maintain socially appropriate behavior, adhere to basic standards of neatness and cleanliness, and be aware of normal hazards and take appropriate precautions. (AR 315-16). The evaluation determined that Plaintiff has marked limitations in her ability to maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, work in coordination with or in proximity to others without being distracted by them, interact appropriately with the general public, accept instructions and respond appropriately to criticisms from supervisors, get along with co-workers or peers without distracting them or exhibiting behavioral extremes, and set realistic goals or make plans independently of others. (Id.).

B. **Relevant Medical History**

Plaintiff received mental health services from SBC-DMH beginning in May 2000. (See AR 290-96). However, the record does not indicate that Plaintiff's treatment was consistent or regular until 2003.

On May 25, 2000, Dr. Donna Barrozo of SBC-DMH conducted a Medication Support Services Psychiatric Evaluation. (AR 294-96). In this initial evaluation, Dr. Barrozo noted that Plaintiff's mood and affect was anxious, that she had slight but fair impulse control, a tight thought process, hyper-verbal and sometimes pressured speech, and a Global Assessment of Functioning ("GAF") score of fifty.[2] (Id.).

On March 6, 2003, a treating marriage and family therapist, Amelia Gavogo,[3] completed a Care Necessity (Qualification for Services) form. (AR 275). This check-off form noted that Plaintiff had a probability of a significant deterioration in an important area of life functioning and

---

[2] A GAF score is the clinician's judgment of the individual's overall level of functioning. It is rated with respect only to psychological, social, and occupational functioning, without regard to impairments in functioning due to physical or environmental limitations. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. 2000) (hereafter, "DSM IV").

A rating of 41-50 on the GAF scale indicates "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." See DSM IV, at 34.

[3] The name of the marriage and family therapist is illegible in the record but Plaintiff reports that the clinician's name is Amelia Gavogo. (Jt. Stip. at 10).

that planned interventions would address impairment conditions and prevent significant deterioration in an important area of life function. (Id.).

Subsequent treating notes from SBC-DMH indicate that Plaintiff was being treated for bipolar disorder with medication, that she was not suicidal or homicidal, that she denied auditory or visual hallucinations, and that there was no evidence of psychosis. (See e.g., AR 246, 308-09).

C.  **Vocational Expert's Testimony**

Vocational Expert ("VE") Sandra Fioretti testified at the October 26, 2006 hearing. (AR 349-50). The ALJ posed the following hypothetical question:

> All right, Ms. Fioretti, let's suppose someone that has a high school or above education but they're limited to simple, repetitive tasks in a habituated setting. That would be just two or three steps of instructions. No safety operations, no operation of hazardous machinery or being, working around; and no requirements for hypervigilence. With those limitations, could someone perform any of the [Plaintiff's] past relevant work?

(AR 349). The VE responded that someone with the limitations described could not perform Plaintiff's past relevant work. (Id.). The ALJ then augmented his previous question by asking, "[T]here would be no

transferable skills . . . [a]nd can you identify any unskilled jobs that could be performed?" (Id.). The VE responded that the hypothetical person could perform work as a office helper (D.O.T. 239.567-010), a cashier (D.O.T. 211.462-010), and a cleaner (D.O.T. 381.687-018). (AR 349-50). Finally, the ALJ asked the VE, "Suppose in addition to the limitations I gave the individual would miss work more than twice a month on a regular basis. Would that eliminate these and all other jobs?" (AR 350). The VE testified that such a limitation would eliminate all work possibilities. (Id.).

**THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents her from engaging in substantial gainful activity[4] and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

---

[4] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910.

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of list of specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.

(4) Is the claimant capable of performing her past work? If so, the claimant is found not disabled. If not, proceed to step five.

(5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citations omitted); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. If, at step four, the claimant meets her burden of

7

establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC")[5], age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

## THE ALJ'S DECISION

The ALJ employed the five-step sequential evaluation process and concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 14-23). At the first step, the ALJ observed that Plaintiff had not engaged in substantial gainful activity since January 5, 2005, the alleged onset date. (AR 16). Next, he found that Plaintiff has the severe impairment of bipolar disorder. (Id.). At the third step, the ALJ found that the severe impairment at step two did not meet or medically equal a listed impairment. (AR 20).

---

[5] Residual functional capacity is "the most [one] can still do despite [her] limitations" and represents an assessment "based on all the relevant evidence in [one's] case record." 20 C.F.R. §§ 404.1545(a), 416.945(a).

At step four, the ALJ found that Plaintiff retained the RFC to perform work "involving simple repetitive tasks with two to three steps of instructions, performed in a habituated setting." (AR 20). He further found Plaintiff unable to perform safety operations, could not operate or work around hazardous machinery, and could not perform work requiring hypervigilence. (Id.). He concluded that Plaintiff was unable to return to any of her past relevant work. (AR 21).

Finally, at step five, the ALJ concluded that based on Plaintiff's RFC, age, education, work experience, and testimony by the VE, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform. (AR 22). He found that, among these jobs, Plaintiff could perform work as an office assistant, cashier, and cleaner. (Id.).

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a

finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21.

## DISCUSSION

Plaintiff argues that the ALJ's decision should be overturned for four reasons. First, she argues that the Appeals Council failed to properly consider the Work Capacity Evaluation [Mental] form prepared by a treating physician. (Jt. Stip. at 3-5). Second, Plaintiff alleges that the ALJ failed to properly consider the psychiatric evaluation completed by a treating physician. (Jt. Stip. at 7-8). Third, Plaintiff contends that the ALJ did not properly consider the Care Necessity Evaluation that was performed by a treating clinician. (Jt. Stip. at 10). Finally, Plaintiff claims that the ALJ posed an incomplete hypothetical question to the VE. (Jt. Stip. at 11-12). The Court disagrees with Plaintiff's contentions.

**A.   Plaintiff's Claim That The Appeals Council Did Not Properly Consider A Treating Physician's Opinion Does Not Warrant Remand**

Plaintiff contends that the Work Capacity Evaluation [Mental] form prepared by Dr. Dau Van Nguyen, a treating physician, was not properly considered by the Appeals Council. (Jt. Stip. at 3-5). Plaintiff

contends that the Appeals Council should have either remanded the matter to the ALJ for further consideration in light of Dr. Nguyen's opinion or given clear and convincing reasons for rejecting Dr. Nguyen's opinion. (Id.). Plaintiff's claim does not warrant remand.

Although a treating physician's opinion is entitled to great deference, it is "not necessarily conclusive as to either the physical condition or the ultimate issue of disability." Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999). If the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons supported by substantial evidence in the record. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (citing Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991)). "Even when the treating doctor's opinion is contradicted by the opinion of another doctor, the ALJ may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record." Orn v. Astrue, 495 F.3d 625, 633 (9th Cir. 2007) (quoting Reddick, 157 F.3d at 725). The ALJ can meet this burden by setting forth a detailed and thorough summary of the facts and conflicting clinical evidence. See Magallanes v. Bowen, 881 F.2d 747, 751, 753-55 (9th Cir. 1989) (noting that the court may draw inferences from the ALJ's discussion of the evidence in the record that reveal his rationale).

When applicable, the Appeals Council shall evaluate the entire record, including new relevant evidence. Ramirez v. Shalala, 8 F.3d 1449, 1451-52 (9th Cir. 1993) (where the plaintiff submits evidence after the ALJ's decision and the Appeals Council specifically considers

that evidence, "we consider the ruling of both the ALJ and the Appeals Council," and the record for review includes the new evidence); see also 20 C.F.R. §§ 404.970(b) & 416.1470(b).

Here, the Appeals Council's denied review of the ALJ's decision. (AR 5). The Appeals Council indicated that it considered Dr. Nguyen's evaluation form and made it part of the record. (AR 5, 8). The Appeals Council found that "this information does not provide a basis for changing the [ALJ's] decision." (AR 6).

Although the Appeals Council did not discuss Dr. Nguyen's evaluation form in detail, there was no error. The Appeals Council need not provide particular evidentiary findings when it rejects evidence submitted subsequent to the ALJ's decision without accepting review. Gomez v. Chater, 74 F.3d 967, 972 (9th Cir. 1996).

Even if the Appeals Council had failed to properly consider Dr. Nguyen's evaluation form, the error would have been harmless as the outcome would have been the same. See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1990) (harmless error rule applies to review of administrative decisions regarding disability); Booz v. Sec'y of Health and Human Servs., 734 F.2d 1378, 1380-81 (9th Cir. 1984) (same). Dr. Nguyen's evaluation form was a check-off report with no explanation for his medical findings. (See AR 315-16). The Appeals Council was under no obligation to accept or credit a conclusory opinion such as that contained in the instant evaluation form. See Magallanes, 881 F.2d at 751 (finding that the ALJ need not consider conclusory opinions); see also Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (holding that

the ALJ properly rejected doctor's opinion because they were check-off reports that did not contain any explanation of the bases of their conclusions).

Moreover, Dr. Nguyen's evaluation form was inconsistent with his own treating notes. Dr. Nguyen's treating notes indicate that Plaintiff was adequately complying with her medication treatment and that no significant changes in medication were required. (See AR 302-13). The notes also demonstrate that Plaintiff was receiving treatment every four to six weeks. (See id.). As such, Dr. Nguyen's notes regarding Plaintiff's relatively conservative treatment appear to be inconsistent with the level of limitations Dr. Nguyen reports in the evaluation form. See Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir. 1995) (holding ALJ properly rejected uncontradicted opinion of treating physician that claimant was totally disabled where physician also opined that claimant needed only "program of conservative care"). Accordingly, the Appeals Council was not required to accept or credit Dr. Nguyen's evaluation form.

Further, Dr. Nguyen's evaluation form is contradicted by the opinions of state agency reviewing physician, Dr. Gregg and the medical expert, Dr. J. Malancharuvil. Both Dr. Gregg and Dr. Malancharuvil found that Plaintiff did not have any marked mental limitations and that her condition was well-managed with medication. (See AR 221-35, 328-29, 332-34).

Finally, Plaintiff's activities belie Dr. Nguyen's evaluation form. Among other things, Plaintiff completed a Bachelor's degree in

Psychology during the time period she alleged she was disabled due to bipolar disorder. (<u>See</u> AR 65-68, 69-72, 322).

In sum, the Appeals Council did not err by rejecting Dr. Nguyen's evaluation form. Even if the Appeals Council had erred, the error, if any, was harmless. Accordingly, Plaintiff's claim does not warrant remand.

### B. **Plaintiff's Claim That The ALJ Did Not Properly Consider The Treating Doctor's Psychiatric Evaluation Does Not Warrant Remand**

Plaintiff alleges that Dr. Barrozo's May 25, 2000 Medication Support Services Psychiatric Evaluation was not properly considered by the ALJ. (<u>See</u> Jt. Stip. at 7-8). Specifically, Plaintiff complains that Dr. Barrozo's assessment of her GAF score was not considered by the ALJ. (Jt. Stip. at 9-10). Plaintiff's claim fails.

Here, the ALJ did not discuss the completed form nor did he offer reasons for rejecting it. Nonetheless, even if the ALJ had accorded greater weight to this opinion, the result would be the same. Dr. Barrozo's evaluation was conducted approximately four and a half years before Plaintiff's SSI application at issue here. (<u>See</u> AR 73). Plaintiff had previously applied for SSI and disability insurance benefits on July 22, 2003 and February 11, 2004. (AR 65-68, 69-72). The Agency determined that Plaintiff was not disabled through March 2004. (AR 24-26, 54-58, 61-64). Plaintiff did not pursue these applications any further. The instant application alleged a disability onset date of January 5, 2005. (AR 73). Accordingly, Dr. Barrozo's

report is not relevant to the ultimate issue, i.e., whether Plaintiff was disabled as of January 2005. Any error, if it occurred at all, was therefore harmless error as the outcome would have been the same. See Curry, 925 F.2d at 1129; Booz, 734 F.2d at 1380-81.

Moreover, Plaintiff's chief complaint, that the ALJ did not consider Dr. Barrozo's assessment of Plaintiff's GAF score, does not warrant remand. GAF scores are not dispositive in social security cases. See 65 Fed. Reg. 50746, 50765 (August 21, 2000) (GAF scores are not directly correlative to Social Security severity assessments). A GAF score is only intended to be used to plan treatment and measure its impact. See DSMV IV, at 32. The ALJ's failure to reference the GAF score does not, by itself, make the ALJ's assessment inaccurate. See Howard v. Comm'r of Social Security, 276 F.3d 235, 241 (6th Cir. 2002) ("While a GAF score may be of considerable help to the ALJ in formulating the RFC, it is not essential to the RFC's accuracy. Thus, the ALJ's failure to directly reference the GAF score in the RFC, standing alone, does not make the RFC inaccurate."); see also Smith v. Astrue, 2008 WL 495735, *7 n. 6 (E.D. Cal. Feb. 21, 2008)(citing Howard); Brewster v. Barnhart, 366 F. Supp. 2d 858, 876 (E.D. Mo. 2005) (citing Howard).

In sum, Plaintiff's contention that the ALJ's failure to discuss the assessed GAF score warrants remand is not persuasive. Accordingly, Plaintiff's claim fails.

\\
\\
\\

**C. Plaintiff's Claim That The ALJ Did Not Properly Consider The Treating Clinician's Care Necessity Evaluation Does Not Warrant Remand**

Plaintiff contends that the ALJ did not properly consider the Care Necessity Evaluation that was performed by marriage and family therapist, Amelia Gavogo. (Jt. Stip. at 10). Plaintiff's claim does not warrant remand.

Because therapists are "other sources" pursuant to 20 C.F.R. section 404.1513(d), an ALJ is entitled to accord them "less weight than opinions from acceptable medical sources." Gomez, 74 F.3d at 970-71.[6] Although the ALJ did not explicitly discuss or reject the therapist's assessment, the ALJ's failure to address every single item in the administrative record does not constitute legal error. An ALJ need not expressly discuss all of the evidence presented. Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) ("[I]n interpreting the evidence and developing the record, the ALJ does not need to discuss every piece of evidence." (internal quotation marks and citations omitted)).

Further, an ALJ is not required to discuss evidence that is neither significant nor probative. Id. Here, Amelia Gavogo's Care Necessity form is neither significant nor probative. The form was completed on

---

[6] The Court notes that a therapist whose work is supervised by a physician may constitute an acceptable medical source. See Gomez, 74 F.3d at 971. However, it is unclear if Amelia Gavogo was being supervised by a physician. (See AR 275).

16

March 6, 2003, before Plaintiff's alleged disability onset date of January 5, 2005. (See AR 73, 275). Accordingly, Amelia Gavogo's Care Necessity form is not relevant to the ultimate issue, i.e., whether Plaintiff was disabled as of January 2005. Moreover, Amelia Gavogo's Care Necessity form is a check-off report used to determine whether a patient is qualified for Medi-Cal benefits. (See AR 275). It does not indicate that substantial clinical findings were made or relied upon. (See id.); see also Batson, 359 F.3d at 1195 (rejecting a treating physician's opinion, in part, because it was "conclusory in the form of a check list" and "lack[ed] substantive medical findings to support [the] conclusion."); Tonapetyan v. Comm'r of Soc. Sec., 242 F.3d 1144, 1149 (9th Cir. 2001) (an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole). As such, the ALJ was not required to address the Care Necessity form.

Regardless, the ALJ specifically discussed Amelia's Gavogo's treatment notes from March 6, 2003, the same date the Care Necessity from was completed. (See AR 18; see also AR 275, 278). As such, it is clear that the ALJ throughly reviewed the record and considered Amelia Gavogo's opinion that Plaintiff had bipolar disorder in partial remission. (See id.).

In sum, the ALJ did not err in failing to discuss Amelia Gavogo's Care Necessity form. Accordingly, Plaintiff's claim does not warrant remand.

\\
\\
\\

### D. The ALJ Posed A Complete Hypothetical To The VE

Plaintiff claims that the ALJ posed an incomplete hypothetical question to the VE. (Jt. Stip. at 11-12). Specifically, Plaintiff alleges that the ALJ's erroneously failed to incorporate the fact that Plaintiff was found to have a GAF score of fifty and has a probability of significant deterioration in an important area of life. (Jt. Stip. at 12). Essentially, Plaintiff is arguing that the ALJ failed to incorporate the findings from Dr. Barrozo's May 25, 2000 Medication Support Services Psychiatric Evaluation and therapist Amelia Gavogo's March 6, 2003 Care Necessity Form into his hypothetical. (See id.). Plaintiff's claim does not warrant remand.

In order for the VE's testimony to constitute substantial evidence, the hypothetical question posed must "consider all of the claimant's limitations." Andrews, 53 F.3d at 1044. However, the ALJ is not required to include limitations that are not supported by substantial evidence. See Osenbrock, 240 F.3d at 1164-65; see also Rollins v. Massanari, 261 F3d 853, 857 (9th Cir. 2001) ("Because the ALJ included all of the limitations that he found to exist, and because his findings were supported by substantial evidence, the ALJ did not err in omitting the other limitations that [the plaintiff] had claimed, but had failed to prove."). The limitations that Plaintiff suggests should have been incorporated into the hypothetical question to the VE are not relevant to Plaintiff's RFC as of the January 5, 2005 disability onset date. (See Discussion supra Parts B & C). Moreover, the other evidence in the record did not support a finding of such limitations. As the asserted

limitations are not supported by substantial evidence, the ALJ was not obligated to include them in his hypothetical question to the VE.

In sum, the ALJ included all of the limitations that he found to exist in the hypothetical question. (See AR 349-50). As such, the ALJ did not err by omitting the limitations found in Dr. Barrozo's May 25, 2000 Medication Support Services Psychiatric Evaluation and therapist Amelia Gavogo's March 6, 2003 Care Necessity Form. Accordingly, Plaintiff's claim does not warrant remand.

**CONCLUSION**

Consistent with the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g),[7] IT IS ORDERED that judgment be entered AFFIRMING the decision of the Commissioner and dismissing this action with prejudice. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: September 3, 2008.

/S/

_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

---

[7] This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."